**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

EZEQUIEL RAMIREZ SALAZAR,

*Petitioner*,

v. No. 2:26-cv-02364-SMD-KRS

DORA CASTRO,[1] *et al*.,

*Respondents*.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Ezequiel Ramirez Salazar's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), filed on July 22, 2026. Doc. 1. Petitioner, a citizen of Mexico, entered the United States without inspection in approximately 2001. *Id.* at 3. Petitioner alleges that prior to his detention, he had no criminal record, was employed, and paid taxes. *Id.* at 2. He further states that he has family and community ties in the United States, where his wife, children, sisters, and cousins live. *Id.* at 3.

On or about April 2, 2026, Immigration and Customs Enforcement ("ICE") arrested Petitioner at his home and detained him at the Otero County Processing Center in Chaparral, New Mexico. *Id.* at 1, 3, 5. Petitioner states that he applied for cancellation of removal under the Immigration and Nationality Act. *Id.* at 3.

An immigration judge denied bond in April 2026 for lack of jurisdiction. *Id.* at 4–5. Alternatively, the immigration judge ruled that Petitioner would be released on a $5,000 bond if the immigration court had jurisdiction. *Id.* at 5.

[1] Pursuant to Federal Rule of Civil Procedure 25(d), an action does not abate when a public officer who is a party in official capacity resigns or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party, and any misnomer not affecting the parties' substantial rights must be disregarded. While the court may order substitution at any time, the absence of such an order does not affect the substitution.

Respondents filed an abbreviated response conceding that the recent Tenth Circuit ruling, *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), is binding on this Court. Doc. 6 at 1–2. They further concede that this Court may grant the Petition because the facts of this case are not materially distinguishable from those in *Santillan Quiroz* regarding which statutory provision authorizes Petitioner's detention. *Id.* Respondents offer no further factual allegations that would alter the due process analysis regarding Petitioner's continued detention.

**LEGAL STANDARD**

An application for habeas corpus pursuant to § 2241 may be granted only if the petitioner "is in custody in violation of the Constitution, or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Federal courts have habeas jurisdiction to examine the statutory and constitutional bases for an immigration detention unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003); *see also Ferry v. Gonzales*, 457 F.3d 1117, 1131 (10th Cir. 2006) (holding that the district court properly exercised jurisdiction over a habeas petition challenging continued detention without a bonding hearing); *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) ("Challenges to immigration detention are properly brought directly through habeas.").

**DISCUSSION**

This Court has jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). A district court may grant a writ of habeas corpus to a petitioner who demonstrates that "[h]e is in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241(c)(3).

I. Statutory Framework: 8 U.S.C. §§ 1225 and 1226

Sections 1225 and 1226 govern the detention of noncitizens prior to a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 287–89 (2018). Section 1225(b) "applies

primarily to [noncitizens] seeking entry into the United States"—i.e., "applicants for admission." *Id.* at 297. Detention pursuant to § 1225(b)(2)(A) is required "if the examining immigration officer determines that [a noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted." Noncitizens detained pursuant to § 1225(b)(2) cannot be released on bond.

Section 1226(a) sets the "default rule" for detaining noncitizens "already present in the United States." *Jennings*, 583 U.S. at 303. Under § 1226(a), a noncitizen "may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." Noncitizens detained pursuant to § 1226(a) are therefore generally entitled to individualized bond hearings. *Id.* at 306.

The Tenth Circuit endorsed this Court's historic understanding of §§ 1225 and 1226, which aligned with the vast majority of district courts in this circuit, in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). The court held that noncitizens "who entered the United States without admission and who have lived here since" cannot be subject to mandatory detention under § 1225. *Id.* at 1239. These individuals are "categorically unable to seek admission while they remain in the country." *Id.* "The Government's interpretation disrupts § 1226(a)'s coverage of inadmissible noncitizens. If the Government is correct that § 1225(b)(2)(A) mandates the detention of all applicants for admission, then there are no inadmissible noncitizens left for § 1226(a) to cover." *Id.* at 1247. Following *Santillan Quiroz*, Respondents' argument in favor of applying § 1225 to the present case has no merit.

II. The Government's Detention of Petitioner Violates His Fifth Amendment Rights.

The Court finds that Petitioner's continued detention violates his Fifth Amendment rights. The United States' power to admit or exclude aliens is no longer plenary once an alien enters the country, because the Due Process Clause applies to "all persons." *See Landon v. Plasencia*, 459

U.S. 21, 32 (1982) ("Once an alien gains admission to our country and begins to develop the ties that go with permanent residence his constitutional status changes accordingly."). Petitioner possesses a protected liberty interest in remaining free from detention and Respondents have deprived him of that interest without constitutionally adequate process.

Courts analyze due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *Garcia Domingo v. Castro*, 806 F. Supp. 1246, 1251–52 (D.N.M. 2025) (citing *Ky. Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). Though the Government "may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings," that "limited period" cannot be indefinite. *Demore*, 538 U.S. at 527. As the length of detention stretches on, an individual's due process interests escalate and the government's burden to justify continued detention mounts. *Id.* at 529; *Jennings*, 583 U.S. at 310–11; *Mohamed v. Sec'y Dep't of Homeland Sec.*, 376 F. Supp. 3d 950, 957 (D. Minn. 2018).

"Due process requires that, whenever the Government detains somebody, it must have a good reason for doing so. If the detention is civil and nonpunitive, like the immigration detention here, that reason must rise to the level of a 'strong special justification.'" *Santilla Quiroz*, 180 F.4th at 1249 (citation omitted). Here, the Government has offered neither justification nor process for the deprivation of Petitioner's protected liberty interest. There is no evidence that Petitioner is

a flight risk, a threat to the community, or that the Government has any interest whatsoever in his ongoing detention. The record shows that Petitioner has dutifully observed all immigration requirements while residing in the United States. The Government has therefore violated Petitioner's Fifth Amendment rights, and he is entitled to habeas relief. *Cf. Cirrus Rojas v. Olson*, No. 25-3127, 2026 WL 2198315, at *17 (7th Cir. July 30, 2026). Considering the length of Petitioner's detention, the Court finds that due process requires his immediate release. Respondents remain free to subject Petitioner to appropriate release conditions and to continue ongoing removal proceedings, provided that they comport with due process.

**CONCLUSION**

It is hereby **ORDERED**:

1) The Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**;
2) Respondents **SHALL** release Petitioner on or before September 14, 2026;
3) Respondents **SHALL** facilitate Petitioner's transportation from the detention facility by providing all necessary identity and travel documents to return to his primary address;
4) Respondents **SHALL** file a notice of compliance within two business days of Petitioner's release. This notice must specify: (1) the date, (2) the time, and (3) the manner of departure (e.g., transport to a bus station, designated drop-off location, or other arrangements). Additionally, the notice must include (4) a description or copies of all discharge and travel documents provided to Petitioner at the time of release;
5) Respondents **SHALL NOT** remove Petitioner to any third country without first providing him with constitutionally compliant procedures;

6) The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

**IT IS SO ORDERED**.

**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**